IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN YESZIN, and<br>PAUL HARRISON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | Case No. CIV-12-315-L |
| NEOLT, S.p.A., an Italian corporation, | )<br>)<br>) | |
| Defendant. | ) | |

**O R D E R**

Plaintiffs Kevin Yeszin and Paul Harrison filed this diversity action to recover damages for serious personal injuries they allegedly sustained in the State of Michigan on March 27, 2010 when they were attempting to move a drafting table manufactured and sold by the defendant NEOLT, S.p.A., an Italian corporation. This matter is before the court on the plaintiffs' Motion to Dismiss Without Prejudice and Without Costs [Doc. No. 10], filed pursuant to Fed. R. Civ. P. 41(a)(2).  Defendant filed a response to the motion and plaintiffs have filed a reply brief, all of which the court has carefully considered.  In addition, defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Doc. No. 8], which has been responded to by plaintiffs.

Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request only by a court order, on terms that the court considers proper.  The rule

explicitly provides that unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.

The procedural history of this case reveals that it is the second of two cases filed by plaintiffs arising from the same occurrence involving the drafting table. An action between these same parties, alleging the same causes of action, was filed in the U.S. District Court for the Eastern District of Michigan on February 4, 2011 (E.D. Mich. No. 2:11-cv-10466-LPZ-RSW). Plaintiffs assert that their second lawsuit was filed later in this court because plaintiffs' research caused them to believe that jurisdiction might be appropriate in Oklahoma. The facts reveal that plaintiffs filed this lawsuit on March 23, 2012, mere days before Oklahoma's applicable two-year statute of limitations would have expired. As stated by plaintiffs, this action was filed "as a precautionary measure to be certain that, if jurisdiction could not be maintained in Michigan, a chance to proceed with the action in Oklahoma would not be lost." Doc. No. 10, p. 3.

At the time this action was filed, a motion to dismiss for lack of personal jurisdiction filed by defendant was pending in the Michigan federal court. Subsequently, on August 3, 2012, the Michigan federal court ruled in plaintiffs' favor on the personal jurisdiction issue. On September 10, 2012, plaintiffs filed their motion to dismiss this lawsuit, since personal jurisdiction over the defendant has now been established in the Michigan federal court case.

In its response to plaintiffs' motion to dismiss without prejudice, defendant argues that because this lawsuit is duplicative, it is frivolous. Defendant submits that the court should dismiss the case, with prejudice, and should condition any dismissal of this action on the payment of defendant's costs, including fees. The court disagrees. Although recent events have rendered a ruling by this court on defendant's motion to dismiss for lack of personal jurisdiction unnecessary, the court cannot say that the filing of this litigation by plaintiffs was frivolous. The court finds that the reasons provided by the plaintiffs for initiating this lawsuit against this defendant in Oklahoma are not unreasonable and weigh against the imposition of costs in this matter.

Significantly, plaintiffs' exhibits demonstrate that plaintiffs sought, without success, an agreement with defendant to seek to stay these proceedings until the Michigan court had ruled on the jurisdiction issue. Therefore, the costs and fees incurred by defendant in this case are largely if not entirely a result of its own unilateral actions and need not be shifted to the plaintiffs. No unfairness to defendant will arise from a dismissal of this action without prejudice and without an award of costs. No scheduling order has been entered, there is no counterclaim, and there was no need even for a response to defendant's motion for dismissal based on lack of personal jurisdiction since by the time plaintiffs' response was due, the need for further proceedings in this case did not exist.

Defendant has provided no persuasive authority for its contention that a Rule 41(a)(2) dismissal of this action should be with prejudice.

Accordingly, Plaintiffs' Motion to Dismiss Without Prejudice and Without Costs Pursuant to FRCP 41(a)(2) **[Doc. No. 10]** should be and is hereby **GRANTED in its entirety.** This action is **DISMISSED WITHOUT PREJUDICE; defendant's request for payment of its costs and/or attorney's fees in connection with this dismissal without prejudice is DENIED.** In light of this order, defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue **[Doc. No. 8]** is **deemed moot.**

It is so ordered this 12th day of October, 2012.

*Tim Leonard*
TIM LEONARD
United States District Judge